UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARVEY MACK LEONARD,<br><br>             Petitioner,<br><br>     v.<br><br>AUDREY K. KING,<br><br>             Respondent. | No.  2:12-cv-3009-KJM-EFB P<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is involuntarily committed to Coalinga State Hospital as a sexually violent predator (SVP) and proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Respondent moves to dismiss the petition as barred by the statute of limitations. ECF No. 13.  For the reasons that follow, the motion must be denied.

**I.      Procedural Background**

On September 3, 2008, a jury found the petitioner to be a sexually violent predator within the meaning of section 6600 of California's Welfare and Institutions Code.  ECF No. 14 ("Lodged Docs.") 1.  The trial court committed petitioner to an indeterminate term with the Department of Mental Health.  Lodged Doc. 2.

Petitioner filed a direct appeal with the California Court of Appeal, Third Appellate District.  *See* Lodged Doc. 3 (Opinion filed in the California Court of Appeal, Third Appellate District, on March 30, 2010).  In response to petitioner's claim that "his indeterminate sentence

1

violates his right to equal protection," the court remanded the case to the trial court to determine whether sufficient justification had been shown for treating SVPs differently than other groups of individuals who are involuntarily committed. *See id.* In all other respect, the court affirmed the order of commitment. *Id.* The record is silent as to if and when the trial court addressed the equal protection claim on remand.

On April 30, 2010, petitioner filed a petition for review with the California Supreme Court, challenging only the "issues affirmed by the Court of Appeal." Lodged Doc. 4. The California Supreme Court summarily denied the petition on June 9, 2010. Lodged Doc. 5.

On September 2, 2010, petitioner filed a petition for writ of habeas corpus in the California Supreme Court. Lodged Doc. 6. In that petition, petitioner alleged that the equal protection claim remained pending in the trial court. *Id.* at 6, ¶ 17. The California Supreme Court denied the petition on April 20, 2011. Lodged Doc. 7.

On December 13, 2012, petitioner commenced this action, in which he challenges the September 3, 2008 order of commitment. ECF No. 1. Court records reflect that petitioner previously challenged the order of commitment in this court, in an action designated *Leonard v. Ahlin*, 2:10-cv-1701-JKS (E.D. Cal.).[1] In an order addressing whether petitioner had satisfied the requirement that he exhaust his state judicial remedies, U.S. District Judge James K. Singleton observed the following:

> This case . . . presents a somewhat unique situation. Because the California Court of Appeal remanded the matter to the trial court for further proceedings on the equal protection question, not all of [petitioner]'s potential constitutional claims are exhausted. In his Traverse, in his apparent strong desire to have this Court rule on his exhausted claims, [petitioner] specifically eschews raising any equal protection claim in his Petition to this Court. What [petitioner] overlooks is that, if this Court entertains the exhausted claims on the merits and denies relief, should [petitioner] lose his unexhausted equal protection claim in the state courts, he would more likely than not be barred from seeking further habeas relief in this Court as a second or successive petition under 28 U.S.C. § 2244(b). *On the other hand, because the state-court judgment is not yet final, the one-year limitation has not yet started to run on any of [petitioner]'s claims.* Therefore, dismissal of [petitioner]'s Petition without prejudice would not necessarily bar refiling the

---

[1] A court may take judicial notice of court records. *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

> Petition and raising in that new Petition all of his grounds, including the equal protection claim upon its exhaustion in the state courts.

*Leonard v. Ahlin*, 2012 U.S. Dist. LEXIS 11832, at *8-9 (E.D. Cal. Jan. 31, 2012) (emphasis added; footnotes omitted).  On March 12, 2012, Judge Singleton dismissed the petition without prejudice, for lack of jurisdiction, citing *Younger v. Harris*, 401 U.S. 37 (1971).  Judge Singleton, noting that the state appellate review process had "not yet been completed," and that petitioner's SVP civil commitment proceeding "is still on-going," explained:

> If this Court were to grant [petitioner] the relief requested, it would effectively render any further action by the California state courts a nullity. The effect would be the same as if this Court entered an order enjoining the Placer County Court from proceeding to adjudicate [petitioner]'s continued commitment as a SVP as instructed by the California Court of Appeal.  This Court may not, under the *Younger* doctrine, enter such a judgment.  Indeed, it lacks jurisdiction to do so.  Accordingly, this Court must abstain and dismiss this action.

*Leonard v. Ahlin*, 2012 U.S. Dist. LEXIS 33568, at *6-8, (E.D. Cal. Mar. 12, 2012).

## II. The Limitations Period and Statutory Tolling

Under the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), a one-year limitations period for seeking federal habeas relief begins to run from the latest of: (1) the date the judgment became final on direct review (or April 25, 1996, if the judgment became final prior to AEDPA's enactment), (2) the date on which a state-created impediment to filing is removed, (3) the date the United States Supreme Court makes a new rule retroactively applicable to cases on collateral review, or (4) the date on which the factual predicate of a claim could have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1)(A)-(D); *Malcom v. Payne*, 281 F.3d 951, 955 (9th Cir. 2002).

No statute tolls the limitations period "from the time a final decision is issued on direct state appeal [to] the time the first state collateral challenge is filed . . . ." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).  However, if a petitioner properly files a state post-conviction application prior to the expiration of the limitations period, the period is tolled, and remains tolled for the entire time that application is "pending."  28 U.S.C. § 2244(d)(2).  "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and

3

rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). In California, a properly filed post-conviction application is "pending" during the intervals between a lower court decision and the filing of a new petition in a higher court that elaborates on the claims raised in the lower-court petition (rather than raises different claims). *Stancle v. Clay,* 692 F.3d 948, 953 (9th Cir. 2012); *Carey v. Saffold*, 536 U.S. 214, 223 (2002). A federal habeas application does not provide a basis for statutory tolling. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). Nor does a state petition filed after the federal limitations period has expired. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

### III.     Motion to Dismiss

Respondent argues that the petition should be dismissed as untimely. She asserts that the statute of limitations began to run on September 8, 2010, after the 90-day period for seeking direct review of the California Supreme Court's June 9, 2010 order, expired. *See* ECF No. 13 at 3. She acknowledges that the limitations period was tolled from September 8, 2010 through April 20, 2011, while petitioner's second petition before the California Supreme Court was pending, *id.*, but reasons that with the benefit of this tolling, the statute of limitations expired one year later, on April 20, 2012. *Id.* She concludes that the instant petition, filed December 13, 2012, was filed nearly eight months too late. *Id.*

However, the assertion that the statute of limitations began to run on September 8, 2010 lacks support in the record. Respondent submits that petitioner's order of commitment became final after the time for appealing the California Supreme Court's June 9, 2010 order had passed and attributes no significance to the fact that Court of Appeal remanded the matter to the trial court for a determination of whether petitioner's indeterminate sentence violated his right to equal protection. As Judge Singleton previously observed, the remand order caused petitioner's SVP civil commitment proceedings to remain ongoing. The record is silent as to how, or even if, the trial court ever resolved the issue on remand, or if petitioner thereafter sought further review.

/////

/////

/////

4

Therefore, the court cannot determine when the order of commitment became final for purposes of triggering the statute of limitations.[2] *See* 28 U.S.C. § 2244(d)(1)(A) (the limitations period shall run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"). For these reasons, respondent's motion to dismiss the petition as untimely must be denied.

**IV.     Conclusion and Recommendation**

For the reasons stated above, it is hereby RECOMMENDED that:

1. Respondent's July 1, 2013 motion to dismiss (ECF No. 13) be denied; and
2. Respondent be directed to file an answer to the petition within 60 days of any order adopting these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991

Dated:  February 12, 2014.

                                                                   /s/ Edmund F. Brennan
                                                                   EDMUND F. BRENNAN
                                                                   UNITED STATES MAGISTRATE JUDGE

---

[2] Judge Singleton's dismissal order, dated March 12, 2012, indicates that the issue on remand remained pending in the trial court as of that date.