IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HARVEY MACK LEONARD,

                Petitioner,

        vs.

AUDREY K. KING, Acting Executive
Director, Coalinga State Hospital,

                Respondent.

No. 2:12-cv-03009-JKS

ORDER
[Re: Motion at Docket No. 33]

On December 17, 2014, this Court denied Harvey Mack Leonard, a civil detainee proceeding *pro se*, habeas relief and also denied him a certificate of appealability. Docket Nos. 31 ("Order"), 32. At Docket No. 33, Leonard filed an "Application for Relief and/or Motion for Panel Reconsideration under F.R.A.P. Rule 27-28 U.S.C.A." dated May 13, 2015 ("Motion"). The record indicates that Leonard simultaneously filed a notice of appeal and request for a certificate of appealability seeking review of this Court's Order from the Ninth Circuit Court of Appeals. Docket No. 34. Although Leonard's Motion cites the Federal Rules of Appellate Procedure and refers to the reconsideration of an appellate order, the Ninth Circuit has not yet ruled on Leonard's appeal, and thus any motion for reconsideration of Leonard's appeal is premature. This Court will therefore construe Leonard's *pro se* Motion as a motion for reconsideration of this Court's Order denying habeas relief.

Because it was filed later than 28 days of entry of judgment, Leonard's Motion is treated as a motion for relief from a judgment or order under Federal Rule of Civil Procedure 60(c). *See* FED. R. CIV. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days

after the entry of the judgment."); FED. R. CIV. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time . . . ."). Rule 60(b) provides:

> GROUNDS FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

At the time that this Court issued its Order, the California Court of Appeal had remanded to the trial court Leonard's state habeas claim that his indeterminate civil commitment violated his right to equal protection, and the California courts' case information website indicated that the case was still pending in the California court system. Order at 7. Leonard attaches to the pending Motion a copy of the state trial court's final judgment and order, issued on April 29, 2015, denying his equal protection claim. Motion at 2-3. Leonard now requests that this Court rule on his equal protection claim "so that his request for a Certificate of Appealability on all his issues . . . raised in the Ninth Circuit Court of Appeals[] can be heard." *Id.* at 2.

However, this Court has already considered and rejected Leonard's equal protection claim on its merits. Prior to the instant action, Leonard previously challenged his order of commitment in this Court on equal protection grounds in an action designated *Leonard v. Ahlin*, 2:10-cv-1701-JKS (E.D. Cal.), which the undersigned judge dismissed without prejudice for lack

2

of jurisdiction, citing *Younger v. Harris*, 401 U.S. 37 (1971).[1]  Recognizing that the Respondent

waived any *Younger* challenge and consented to this Court's jurisdiction over Leonard's equal

protection claim, the Court addressed the merits of that claim.  Order at 11.  The Court

concluded:

> The California Court of Appeal's decision in [*People v.*] *McKee*, [144 Cal. Rptr.
> 3d 308 (Cal. Ct. App. 2012),] which rejects Leonard's equal protection claim, does not
> contravene or unreasonably apply federal law. It simply cannot be said that the appellate
> court's determination that the disparate treatment between SVPs and MDO's and NGI's
> is necessary to further a compelling state interest is objectively unreasonable.
> Accordingly, Leonard is not entitled to relief on his equal protection claim.

Order at 23 (citation omitted).

Leonard has therefore already received the relief requested in the pending Motion, and

the review of this Court's denial of his equal protection claim is properly before the Ninth

Circuit by way of Leonard's appeal.

**IT IS THEREFORE ORDERED THAT** Leonard's Motion at Docket No. 33 is

**DENIED** as moot.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of

Appealability.  *See* 28 U.S.C. § 2253(c); *Banks v. Dretke*, 540 U.S. 668, 705 (2004) ("To obtain

a certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree

with the district court's resolution of his constitutional claims or that jurists could conclude the

issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El*

---

[1]     The *Younger* doctrine forbids federal courts from unduly interfering with pending
state court proceedings that implicate important state interests.  *Middlesex Cnty. Ethics Comm. v.
Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

*v. Cockrell*, 537 U.S. 322, 327 (2003))).  Any further request for a Certificate of Appealability must be addressed to the Ninth Circuit Court of Appeals.  *See* FED. R. APP. P. 22(b); 9TH CIR. R. 22-1.

      Dated: May 26, 2015.

/s/James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
Senior United States District Judge

4